# NO. 12-13-00120-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRANCE GIARANTI BENDY,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Terrance Bendy appeals his conviction for engaging in organized criminal activity. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was indicted for engaging in organized criminal activity through committing aggravated assault with a deadly weapon, which is a first degree felony.[1]  Appellant and the State entered a negotiated plea agreement for an agreed punishment of deferred adjudication community supervision for ten years in exchange for Appellant's "guilty" plea.  In accordance with the agreement, the trial court placed Appellant on deferred adjudication community supervision for a ten year period in December 2011.

In June 2012, the State filed a motion to adjudicate Appellant's guilt, alleging that

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011), § 71.02(a)(1), (b) (West Supp. 2013).

Appellant used marijuana in violation of the terms of his community supervision. Thereafter, the State filed an amended motion to adjudicate, alleging eleven violations of his community supervision terms. Appellant pleaded "true" to seven of the violations, and "not true" to the remaining allegations. He admitted that he failed to report to his community supervision officer, used marijuana, failed to pay supervision fees and court costs, violated the curfew established by the terms of his community supervision, failed to report to his "intensive supervision officer," and failed to obtain his GED. He pleaded "not true" to the allegations that he relocated without providing notice to his community supervision officer, failed to allow visitation to his home by his community supervision officer, possessed a firearm, and had contact with the victim.

At the hearing, the parties produced somewhat extensive evidence and argument on the grounds for which Appellant pleaded "not true." The trial court found that Appellant did not possess a firearm, and that he did not have prohibited contact with the victim. However, the trial court found all other alleged violations in the motion to be true. Consequently, the trial court adjudicated Appellant's guilt, found him guilty of the charged offense, revoked his community supervision, and sentenced him to forty years of imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Thereafter, Appellant filed a pro se brief in which he asserted that his "guilty" plea was not entered voluntarily and that he received ineffective assistance of counsel. We have reviewed the record for reversible error and have found none.

### CONCLUSION

As required by *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's

counsel has moved for leave to withdraw. *See also **In re Schulman**,* 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the trial court's judgment is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 31, 2014

### NO. 12-13-00120-CR

### TERRANCE GIARANTI BENDY,
Appellant
V.
### THE STATE OF TEXAS,
Appellee

---

Appeal from the 114th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 114-1369-11)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*